IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ARNULFO ARELLANO, § | |
| Register No. A-091881564, § | |
| § | |
| Petitioner, § | |
| § | CIVIL ACTION NO. H-13-0906 |
| v. § | |
| § | |
| JANET NAPOLITANO, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Arnulfo Arellano, filed a petition for a writ of habeas corpus challenging the immigration court's denial of his request for asylum and withholding of removal ("Petition") (Docket Entry No. 1). Pending before the court is Respondent's Motion to Dismiss the Petition for a Writ of Habeas Corpus ("Respondent's Motion to Dismiss") (Docket Entry No. 6). Although the motion was filed on May 6, 2013, petitioner has not responded to it.

As set forth in more detail in Respondent's Motion to Dismiss and the attached exhibits, petitioner was determined to be removable under 8 U.S.C. § 1231(a)(5). On December 11, 2013, the immigration judge issued an order denying petitioner's request for withholding of removal under INA 241(b)(3) [8 U.S.C. § 1231(b)(3)] and denying his request for withholding of removal under the Convention Against Torture. (Order of the Immigration Judge, Exhibit 8 to Respondent's Motion to Dismiss, Docket Entry No. 6) Petitioner appealed the Order of the Immigration Judge, and the

appeal is presently pending before the Board of Immigration Appeals.

The Real ID Act, enacted on May 11, 2005, eliminated district court jurisdiction over removal orders and provided that a petition for review to the court of appeals was the sole and exclusive means of judicial review. 8 U.S.C. § 1252(a)(5) provides, in pertinent part:

> Notwithstanding any other provision of law (statutory or non-statutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal. . . .

Although petitioner does not state exactly what relief he seeks from this court, it appears that he seeks an order directing respondent not to remove petitioner from the United States (Petition, Docket Entry No. 1). Therefore, under the Real ID Act this court does not have jurisdiction over the Petition. See Ramirez-Molina v. Ziglar, 436 F.3d 508, 511-512 (5th Cir. 2006).

Because this court has no jurisdiction to review the decision of the immigration judge complained of, Respondent's Motion to Dismiss (Docket Entry No. 6) is **GRANTED**, and this action will be dismissed for want of subject matter jurisdiction.

**SIGNED** at Houston, Texas, on this the 3rd day of July, 2013.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE